IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

RICHARD DARON KENNEDY,     *
(AIS #196984)     *
    Petitioner,     *
     *
vs.     * CIVIL ACTION NO. 14-00195-WS-B
     *
MOBILE, ALABAMA DISTRICT     *
ATTORNEY'S OFFICE, *et al.*,     *
     *
    Respondents.     *

**REPORT AND RECOMMENDATION**

Richard Daron Kenney, an Alabama prison inmate proceeding *pro se*, brought this action seeking federal habeas corpus relief in the Middle District of Alabama. This matter was recently transferred to this Court and is now before the undersigned Magistrate Judge for appropriate action pursuant to 28 U.S.C. § 636(b)(1)(B), Local Rule 72.2(c)(4), and Rule 8 of the Rules Governing Section 2254 Cases.[1] Upon careful consideration, it is recommended that this action be dismissed as a successive petition under 28 U.S.C. § 2244(b)(3)(A).

---

[1] The record is adequate to determine Petitioner's claim; thus, no federal evidentiary hearing is required. Kelley v. Sec'y for Dep't of Corr., 377 F.3d 1317, 1333-35 (11th Cir. 2004), cert. denied, 545 U.S. 1149 (2005).

## I. NATURE OF PROCEEDINGS

According to Kennedy's petition, and other records electronically maintained by this Court, see Kennedy v. Mobile Circuit Court, CA-13-00161-CG-C; Kennedy v. Forniss, CA 10-00251-CC-C; and Kennedy v. Forniss, CA-07-00338-CG-M-983, Kennedy was convicted of murder and child abuse in the Circuit Court of Mobile County, Alabama on January 7, 1998, and was sentenced to consecutive terms of life imprisonment and ten years. Kennedy v. Mobile Circuit Court, CA-13-00161-CG-C, Doc. 2 at 1. Kennedy pursued a direct appeal and sought collateral relief by filing a Rule 32 petition in the state courts. Id., at 2. After those petitions were unsuccessful, Kennedy, on June 29, 2007, filed a federal habeas petition with this Court. See Kennedy v. Forniss, CA-07-00338-CG-M, Doc. 1. On November 20, 2007, Magistrate Judge Bert W. Milling, Jr. recommended the dismissal of Kennedy's petition on the ground that it was time barred. See Kennedy v. Forniss, CA-07-00338-CG-M, Doc. 17. The report and recommendation was adopted as the Order of the Court, and on February 28, 2008, Kennedy's motion for certificate of appealability was denied. Kennedy v. Forniss, CA-07-00338-CG-M, Docs. 21, 32. On May 6, 2008, the Eleventh Circuit Court of Appeals denied Kennedy's motion for a certificate of appealability. See Kennedy v. Forniss, CA-07-00338-CG-M, Doc. 36. Subsequent thereto, Kennedy has filed various actions with

this Court seeking collateral relief, all of which have been denied. See Kennedy v. Mobile Circuit Court, CA-00161-CG-C; Kennedy v. Forniss, CA 10-00251-CC-C.

In the instant action, Kennedy seeks habeas relief pursuant to 28 U.S.C. § 2241. Kennedy asserts as follows:

> Kennedy has filed (8) post conviction petitions, State habeas corpus, Rule 60(b) petitions, a Federal Habeas complaint under 2254, a 2241 Habeas against Parole Commission which the Birmingham Federal District Court has failed to adjudicate since January of 2011. Kennedy has never had a hearing on anything. He has been denied everything he has filed without a ligitimate (sic) reason. So far, there has not been a ruling on the merits of anything Kennedy or his attorneys has (sic) filed.

(Doc. 7 at 1).

**II. ANALYSIS**

The text of 28 U.S.C. § 2241 does not include a bar on successive petitions and does not prescribe a statute of limitations; however, the Eleventh Circuit Court of Appeals have held that state inmates challenging a state conviction and/or sentence are subject to the requirements of both § 2241 and § 2254. Medberry v. Crosby, 351 F.3d 1049, 1062 (11th Cir. 2003) ("All applications for writs of habeas corpus are governed by §2241. . .[and] if a state prisoner is 'in custody pursuant to the judgment of a State court,' his petition is subject to §2254"); see also Morris v. Fla. Dep't. of Corr., 519 Fed. App'x 990 (11th Cir. 2013) ("Prisoners, like Morris, who are in

3

custody pursuant to the judgment of a state court may not avoid the procedural restrictions imposed on § 2254 petitions by nominally bringing suit under § 2241"). Further, under the Antiterrorism and Effective Death Penalty Act of 1996 ("ADEPA"), before a state inmate can file a second or successive § 2254 petition, he must seek and obtain an order from the court of appeals authorizing the district court to consider the second or successive petition 28 U.S.C. §2244(b)(3)(A); Morris v. Fla. Dep't. of Corr., 519 Fed. App'x 990 (11th Cir. 2013).

In the case at hand, it is without dispute that Kennedy is in custody, and is again seeking to attack his 1998 conviction and sentence for murder and child abuse. Further, this Court has previously determined that Kennedy is precluded from filing another federal habeas petition unless he first seeks and obtains an order from the Eleventh Circuit authorizing a successive petition. Therefore, regardless of whether Kennedy contends that his habeas petition arises under § 2254 or §2241, this Court is without jurisdiction to consider the petition until he first secures permission from the Eleventh Circuit to proceed with his petition. Accordingly, Kennedy's instant petition is due to be dismissed as this Court lacks jurisdiction. Hammonds v. Estes, 2014 U.S. Dist. LEXIS 32746 (N.D. Ala. Feb. 19, 2014) (§ 2241 petition is due to be dismissed for lack of jurisdiction because the court is not

4

authorized to entertain successive habeas claim unless and until the Eleventh Circuit issues an order or certification allowing district court to do so.)

**III. CERTIFICATE OF APPEALABILITY**

Pursuant to Rule 11(a) of the Rules Governing § 2254 Cases, "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rule 11(a) of the Rules Governing 2254 Cases (December 1, 2009). A certificate of appealability may issue only where "the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

When a habeas petition is dismissed on procedural grounds, such as in the instant case, without reaching the merits of any underlying constitutional claim, "a COA should issue [only] when the prisoner shows ... that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Slack v. McDaniel, 529 U.S. 473, 484, 120 S. Ct. 1595, 146 L. Ed. 2d 542 (2000); see Miller-EL v. Cockrell, 537 U.S. 322, 336, 123 S. Ct. 1029, 1039, 154 L. Ed. 2d 931 (2003)("Under the controlling standard, a petitioner must 'show that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have resolved in a

different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'").

In the instant action, Kennedy has not demonstrated that he has applied to and received permission from the Eleventh Circuit to file this successive federal habeas petition; thus, this Court is without jurisdiction to consider the instant petition. Farris v. United States, 333 F.3d 1211, 1216 (11th Cir. 2003)("Without authorization, the district court lacks jurisdiction to consider a second or successive petition."). Under the facts of this case, a reasonable jurist could not conclude either that this Court is in error for dismissing the instant petition or that Kennedy should be allowed to proceed further. See Slack, 529 U.S. at 484, 120 S. Ct. at 1604 ("Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further."). Accordingly, the undersigned recommends that the Court conclude that no reasonable jurist could find it debatable whether Kennedy's petition should be dismissed. As a result, he is not entitled to a certificate of appealability.

**IV. CONCLUSION**

For the reasons set forth above, the undersigned recommends that the Court dismiss Kennedy's petition as an improper

successive petition, and find that he is not entitled to a certificate of appealability, and is further not entitled to proceed *in forma pauperis* on appeal.

### **NOTICE OF RIGHT TO FILE OBJECTIONS**

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to this recommendation or anything in it must, within fourteen (14) days of the date of service of this document, file specific written objections with the Clerk of this Court. See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); S.D. ALA. L.R. 72.4. In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the Magistrate Judge is not specific.

**DONE** this the **13th** day of **May, 2014.**

　　　　　　　　　　　　　　　　**/s/ SONJA F. BIVINS**
　　　　　　　　　　　　　　**UNITED STATES MAGISTRATE JUDGE**

**MAGISTRATE JUDGE'S EXPLANATION OF PROCEDURAL RIGHTS
AND RESPONSIBILITIES FOLLOWING RECOMMENDATION
AND FINDINGS CONCERNING NEED FOR TRANSCRIPT**

1. **Objection**. Any party who objects to this recommendation or anything in it must, within fourteen days of the date of service of this document, file specific written objections with the clerk of court. Failure to do so will bar a de novo determination by the district judge of anything in the recommendation and will bar an attack, on appeal, of the factual findings of the magistrate judge. See 28 U.S.C. § 636(b)(1)(C); Lewis v. Smith, 855 F.2d 736, 738 (11th Cir. 1988). The procedure for challenging the findings and recommendations of the magistrate judge is set out in more detail in SD ALA LR 72.4 (June 1, 1997), which provides, in part, that:

> A party may object to a recommendation entered by a magistrate judge in a dispositive matter, that is, a matter excepted by 28 U.S.C. § 636(b)(1)(A), by filing a "Statement of Objection to Magistrate Judge's Recommendation" within ten days[2] after being served with a copy of the recommendation, unless a different time is established by order. The statement of objection shall specify those portions of the recommendation to which objection is made and the basis for the objection. The objecting party shall submit to the district judge, at the time of filing the objection, a brief setting forth the party's arguments that the magistrate judge's recommendation should be reviewed de novo and a different disposition made. It is insufficient to submit only a copy of the original brief submitted to the magistrate judge, although a copy of the original brief may be submitted or referred to and incorporated into the brief in support of the objection. Failure to submit a brief in support of the objection may be deemed an abandonment of the objection.

---
[2] Effective December 1, 2009, the time for filing written objections was extended to "14 days after being served with a copy of the recommended disposition[.]" Fed.R.Civ.P. 72(b)(2).

A magistrate judge's recommendation cannot be appealed to a Court of Appeals; only the district judge's order or judgment can be appealed.

2. **Opposing party's response to the objection.** Any opposing party may submit a brief opposing the objection within fourteen) days of being served with a copy of the statement of objection. Fed. R. Civ. P. 72; SD ALA LR 72.4(b).

3. **Transcript (applicable where proceedings tape recorded).** Pursuant to 28 U.S.C. § 1915 and Fed.R.Civ.P. 72(b), the magistrate judge finds that the tapes and original records in this action are adequate for purposes of review. Any party planning to object to this recommendation, but unable to pay the fee for a transcript, is advised that a judicial determination that transcription is necessary is required before the United States will pay the cost of the transcript.

DONE this **29th** day of **June, 2012.**

                                          **/s/ SONJA F. BIVINS**
                                 **UNITED STATES MAGISTRATE JUD**