IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| RICHARD DARON KENNEDY, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | CIVIL ACTION 14-0195-WS-B |
| ) | |
| MOBILE, ALABAMA DISTRICT ) | |
| ATTORNEY'S OFFICE, *et al.*, ) | |
| ) | |
| Respondents. ) | |

**ORDER**

This long-closed federal habeas corpus matter comes before the Court on petitioner Richard Daron Kennedy's Motion Pursuant to Rule 60(b) (doc. 12).

On May 13, 2014, the Magistrate Judge entered a Report and Recommendation (doc. 9) setting forth in clear and unambiguous terms why Kennedy's petition seeking habeas relief under 28 U.S.C. § 2241 was barred as a successive habeas petition for which he had not obtained prior leave from the Eleventh Circuit Court of Appeals. In particular, the Report and Recommendation documents Kennedy's § 2254 petition filed in 2007 seeking collateral relief from a 1998 state-court conviction of murder and child abuse, explains that this petition was dismissed as time-barred and that Kennedy's appeal of such ruling was unsuccessful, and indicates that Kennedy has filed multiple subsequent actions in this District Court, all seeking collateral relief from the same conviction. The Report and Recommendation also shows that the instant § 2241 petition relates to the same conviction and is properly rejected as an unauthorized successive petition that this District Court lacks jurisdiction to hear. The undersigned adopted the Report and Recommendation via Order and Judgment dated May 22, 2014. (*See* docs. 11 & 12.) Kennedy did not appeal.

Now, four months after the dismissal, Kennedy files a Rule 60(b) Motion seeking the reopener of his § 2241 petition. After careful review of that Motion, the Court concludes that Kennedy's Rule 60(b) Motion is improper. "[T]he well-recognized rule … precludes the use of a Rule 60(b) motion as a substitute for a proper and timely appeal." *Cavaliere v. Allstate Ins. Co.*,

996 F.2d 1111, 1115 (11th Cir. 1993) (citation omitted); *see also American Bankers Insurance Co. v. Northwestern National Ins. Co.*, 198 F.3d 1332, 1338 (11th Cir. 1999) ("Rule 60(b) may not be used to challenge mistakes of law which could have been raised on direct appeal."). That is precisely what Kennedy is doing. Moreover, the only grounds for granting a motion to reconsider "are newly-discovered evidence or manifest errors of law or fact." *United States v. Marion*, 562 F.3d 1330, 1335 (11th Cir. 2009) (citation and internal marks omitted). Kennedy's Motion identifies neither. Even if Kennedy's Rule 60(b) Motion were procedurally proper, it would still be meritless. Nothing in that Motion undermines this Court's previous conclusion that Kennedy's § 2241 petition is barred for lack of jurisdiction as a successive petition which he did not obtain prior authorization from the Eleventh Circuit to file in this District Court.

For all of the foregoing reasons, petitioner's Motion Pursuant to Rule 60(b) (doc. 12) is **denied**.

DONE and ORDERED this 6th day of October, 2014.

s/ WILLIAM H. STEELE
CHIEF UNITED STATES DISTRICT JUDGE