# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| RICHARD DARON KENNEDY, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | CIVIL ACTION 14-0195-WS-B |
| ) | |
| MOBILE, ALABAMA DISTRICT ) | |
| ATTORNEY'S OFFICE, *et al.*, ) | |
| ) | |
| Respondents. ) | |

## ORDER

This long-closed federal habeas corpus matter comes before the Court on petitioner Richard Daron Kennedy's Motion to Supplement Motion Pursuant to Rule 60(b)(6) (doc. 16).

In a pair of Orders (docs. 13 & 15) dated October 6, 2014 and October 16, 2014, the Court has already explained in detail why Kennedy is not entitled to relief under Rule 60(b)(6). The Court will not rehash those explanations here. The undersigned writes to Kennedy's latest Motion for the limited purpose of highlighting petitioner's erroneous understanding of what makes a habeas petition "second or successive" for purposes of 28 U.S.C. § 2244(b). With no citations to authority, Kennedy declares that a habeas "petition's ground cannot be successive if it is raised for the first time or if that ground has never been adjudicated on its merits." (Doc. 16, at 2.) On that basis, Kennedy reasons, his new actual innocence claim filed in his 2014 habeas petition cannot be successive because it "has never been adjudicated on its merits." (*Id.* at 2-3.)

Kennedy is wrong. As an initial matter, any reliance by Kennedy on § 2241 principles to evade AEDPA gatekeeping requirements is invalid because "a prisoner may not avoid gatekeeping under § 2244(b) or § 2255(h) by a mere change of caption when, in substance, their lawsuit collaterally attacks a sentence." *Antonelli v. Warden, U.S.P. Atlanta*, 542 F.3d 1348, 1352 (11th Cir. 2008). Although Kennedy captioned his petition as being brought under § 2241, his petition is manifestly engaging in a collateral attack of his sentence, rather than challenging its execution. Therefore, he cannot take solace in caselaw discussing when a § 2241 petition is

successive under § 2244(a), as he appears to be doing here, where the dismissal ruling in question was properly made pursuant to § 2244(b).[1]

Under § 2244(b), which Kennedy must satisfy because his petition contains challenges to his state-court conviction that must be brought under 28 U.S.C. § 2254, raising a new claim that has not been previously adjudicated on the merits unquestionably does not insulate a habeas petition from second or successive status. *See* 28 U.S.C. § 2244(b)(2) (setting forth general rule that "[a] claim presented in a second or successive habeas corpus application under section 2254 *that was not presented in a prior application* shall be dismissed" unless certain enumerated circumstances are present and the petitioner obtains appellate authorization) (emphasis added). Of course, "before the district court may accept a successive petition for filing, the court of appeals must determine that it presents a claim not previously raised that is sufficient to meet § 2244(b)(2)'s new-rule or actual-innocence provisions." *Gonzalez v. Crosby*, 545 U.S. 524, 531, 125 S.Ct. 2641, 162 L.Ed.2d 480 (2005). Kennedy did not obtain such authorization from the Eleventh Circuit; therefore, his petition was properly dismissed for lack of jurisdiction and his Rule 60(b) Motion was properly denied.

For all of the foregoing reasons, petitioner's Motion to Supplement (doc. 16) is **denied**.

DONE and ORDERED this 23rd day of October, 2014.

s/ WILLIAM H. STEELE
CHIEF UNITED STATES DISTRICT JUDGE

---

[1] For example, the Eleventh Circuit has written that, "[f]or a § 2241 petition to be barred as successive under 28 U.S.C. § 2244(a), the same claims must have been raised and adjudicated on the merits in the petitioner's prior habeas proceedings." *Watson v. United States*, 392 Fed.Appx. 737, 742 (11th Cir. Aug. 13, 2010). Petitioner's apparent reliance on this line of authorities is misplaced. Dismissal of Kennedy's second habeas petition was not carried out pursuant to § 2244(a), but rather pursuant to § 2244(b). *See* doc. 8, at 1 ("it is recommended that this action be dismissed as a successive petition under 28 U.S.C. § 2244(b)(3)(A)"). In other words, petitioner's error lies in his importation of the concept of "successive" § 2241 petitions under § 2244(a) into what is properly a "second or successive" gatekeeping § 2244(b) analysis.